IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
_____

| | |
|---|---|
| AHMED I. ELMI | : |
| *Plaintiff* | : CIVIL ACTION NO.: 3:17-cv-177 |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| MAKSYM KORNILENKO, | : |
| S&T TRANSPORT. INC., AND | |
| DIE HEIMAT TRANSPORTATION INC. | : |
| *Defendants* | : |

### CIVIL ACTION COMPLAINT

### JURISDICTION

1. Jurisdiction is founded upon 28 U.S. Code §1332.

### PARTIES

2. Plaintiff, Ahmed I. Elmi, is an adult individual residing at 3118 El Nino Drive, Columbus, Ohio.

3. Defendant, Maksym Kornilenko, is an adult individual with a last known address of 11137 Northwest Road Apartment F Palos Hills, Illinois, 60465.

4. Defendant, Die Heimat Transportation Inc, upon information and belief, is a corporation with a place of business at 2145 N. Ridgeway Avenue, Chicago, Illinois, 60618.

5. Defendant, S&T Transport Inc., upon information and belief, is a corporation with a place of business at 4830 N. Cumberland Avenue Suite 2, Norridge, Illinois, 60706.

6. At all times relevant to this action, Plaintiff was occupying a blue 2006 Freightliner tractor trailer, VIN number IFUJAPAV16DU2595 bearing license plate number PWE2846.

7. At all times relevant to this action, Defendant Kornilenko was the operator of a red 2006 Volvo tractor trailer VIN number 4V4NC9GH76N416284 bearing license plate number P889722 and USDOT number 01300494.

8. At all times relevant to this action, the 2006 Volvo tractor trailer was owned and operated by Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., and maintained the right of control and/or use of said tractor trailer.

9. Upon information and belief, at all times relevant to this action, Defendant Kornilenko was acting as a servant, agent, workman, employee, representative and/or otherwise within the course and scope of his employment of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., and was operating the tractor trailer with the knowledge and permission of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

12. On December 2, 2016 on a clear Friday afternoon, Plaintiff was a passenger in a 2006 blue freightliner tractor trailer in the eastbound right lane of Interstate 80 mile marker 103.2 Union Township, Clearfield County, Pennsylvania.

13. At the same time, Defendant Kornilenko was operating the 2006 red Volvo tractor trailer in the eastbound right late of Interstate 80 mile marker 103.2 Union Township, Clearfield County, Pennsylvania.

14. At approximately 2:30 p.m. on the afternoon of December 2, 2016, Defendant Kornilenko, approached the 2006 blue freightliner tractor trailer at highway speed and attempted to pass the blue 2006 freightliner tractor trailer with reckless indifference and crashed into the rear driver side of the blue 2006 freightliner tractor trailer that Plaintiff was occupying, resulting in serious bodily injuries and damages to Plaintiff and the 2006 blue freightliner tractor trailer as more fully described below.

15. At all material times, Defendant Kornilenko was an authorized driver for Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., and as such, he was required to comply with applicable state and federal safety regulations, including the commercial

driver's license (CDL) standards, which incorporate the Federal Motor Carrier Safety Regulations and address the critical aspects of commercial driver performance and identify the specific knowledge and skills necessary for commercial drivers to perform their work in a safe, legal and efficient manner.

16,    At approximately 2:30 p.m. on December 2, 2016, Defendant Kornilenko did not follow the standards set forth in the CDL manual and the Federal Motor Carrier Safety Regulations, specifically, standards relating to proper visual search methods, space management and hazard perception.

17.    If Defendant Kornilenko had complied with these standards, he would not have crashed into the blue 2006 freightliner tractor trailer that Plaintiff was occupying.

18.    The negligent and careless conduct of Defendant Kornilenko who was operating the red 2006 Volvo tractor trailer with the permission, knowledge, and acquiescence of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., consisted of the following:

- a.   Failing to ascertain that the red 2006 red Volvo tractor trailer could be moved from the right hand eastbound lane of Interstate 80 to the left hand lane in a safe manner;
- b.   Failing to obey the assured clear distance rule;
- c.   Failing to attempt to pass the blue 2006 freightliner tractor trailer in a safe manner;
- d.   Failing to keep alert and maintain proper watch for the presence of motor vehicles in front of his tractor trailer;
- e.   Driving the tractor trailer on a roadway and in such a manner that endangered persons and property and in a reckless disregard for the safety of other drivers on the roadway;

f.  Failing to travel at a safe speed;

g.  Failing to drive the tractor trailer with due regard for the highway and traffic conditions which were existing at the time of the crash and of which he was or should have been aware of;

h.  Failing to keep adequate and proper control over the tractor trailer;

i.  Failing to obey the rules of road;

j.  Failing to obey Pennsylvania's Commercial Drivers Manual;

k.  Failing to properly observe the roadway while driving at an unsafe speed;

l.  Driving a motor vehicle on a public highway in disregard of the rights and safety of others;

m.  Failing to exercise the duty of vigilance;

n.  Operating the tractor Trailer with careless disregard for the safety of driving public on the roadway including Plaintiff;

o.  Choosing to attempt to pass the vehicle in front of him at a place and point in time that Defendant Kornilenko knew or reasonably should have known would be dangerous to the safety of the driving public and more specifically, Plaintiff;

p.  Failing to see that movement of his tractor trailer could be made safely; and

q.  Failing to abide by the Federal Motor Safety Carrier Regulations.

## COUNT I

*Ahmed I. Elmi v. Maksym Kornilenko, S&T Transport Inc. and Die Heimat Transportation Inc.*

19. Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

20. At all times relevant to the subject matter of this Complaint, Defendant Kornilenko was either an employee or agent of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., and/or he was acting as an actual or apparent agent of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc.

21.     At all times relevant to the subject matter of this Complaint, Defendant Kornilenko was acting within the course and scope of his authority, as an employee, agent, and/or servant of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc.

22.     As an interstate motor carrier assigned U.S. DOT Number 01300494 under the regulatory authority of Title 49 of the CFR and the Federal Motor Carrier Safety Regulations (FMCSR), Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., assumes full responsibility for the conduct of Defendant Kornilenko on December 2, 2016.

23.     As a direct and proximate result of the negligence and other liability-producing conduct of Defendant Kornilenko as set forth in this Complaint and the vicarious liability of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., Plaintiff sustained severe and permanent injuries, including but not limited to: neck and back pain and injuries, headaches, pain, anxiety, discomfort, inability to sleep, inconvenience and the inability to pursue life's pleasures.

24.     As a direct and proximate result of Defendant Kornilenko's negligence and other liability-producing conduct, as well as the vicarious liability of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., Plaintiff has incurred medical expenses and will continue to incur such expenses in the future.

25.     As a direct and proximate cause of Defendant Kornilenko's negligence and other liability-producing conduct, as well as the vicarious liability of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., Plaintiff has suffered severe pain and suffering, humiliation, mental anguish, loss of enjoyment of life's pleasures, and will continue to suffer such losses in the future, for all of which damages are claimed.

26.     Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., is liable for the negligence and other liability-producing conduct of Defendant Kornilenko and is liable for the damages sustained by Plaintiff as specified above.

27.     As a further result of the negligence of Defendants, Plaintiff has suffered a loss

of recoverable earnings and he may continue to suffer a loss of earnings and an impairment of his future earning capacity and power.

28.  The aforementioned conduct of the Defendants was outrageous, willful, reckless, and indifferent to the safety and health of the driving public including Plaintiff.

29.  The injuries and damages set forth herein were caused by, and were the direct and proximate result of the reckless, willful, wanton and/or outrageous conduct of Defendant Kornilenko, in the following particulars:

   a.  Making the conscious decision to fail to maintain a safe driving distance from the blue 2006 freightliner tractor trailer; and

   b.  Operating his vehicle in a careless and reckless manner, in violation of applicable motor vehicle statutes, which constitute negligence *per se*.

WHEREFORE, Plaintiff, Ahmed I. Elmi, claims compensatory damages and punitive damages against the Defendants in an amount in excess of $75,000, plus interest and costs as allowed by law.

## COUNT II

*Ahmed I. Elmi v. S&T Transport Inc. and Die Heimat Transportation Inc*

30.  Plaintiff incorporates all previous paragraphs as though same were set forth at length herein.

31.  At all material times, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., were authorized by the Department of Transportation (DOT) to operate private interstate motor carrier, having been assigned U.S. DOT Number 01300494 and therefore were subject to the regulatory authority of Title 49 CFR of the Federal Motor Carrier Safety Regulations (FMCSR), which has been adopted by the Commonwealth of Pennsylvania.

32.  Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., were required by federal regulation to instruct its commercial motor vehicle drivers, including Defendant Kornilenko, regarding compliance with all applicable regulations, including the CDL

standards relating to proper visual search methods, space management and lane changes.

33. However, Defendant, S&T Transport Inc. and Die Heimat Transportation Inc., failed to implement comprehensive fleet safety programs with its drivers to prevent commercial motor vehicle crashes and specifically failed to provide such driver training to Defendant Kornilenko to avoid crashes such as the one that is the subject of this lawsuit.

34. Upon information and belief, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., failed to properly qualify Defendant Kornilenko to operate a commercial motor vehicle as required by federal and state adopted regulations.

35. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., failed to possess the required knowledge to comply with federal regulations regarding commercial driver qualifications to reduce the risk of highway crashes.

36. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff and the driving public a duty to use reasonable care to ensure that all of the commercial tractor-trailer drivers it hired to transport cargo were careful, safe and competent drivers.

37. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff and the driving public a duty to ensure that the drivers of its tractor-trailers were properly trained to drive safely upon Pennsylvania and interstate highways.

38. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff and the driving public a duty to ensure that its tractor-trailers were well maintained, in accordance with the Federal Motor Carrier Safety Regulations, so as not to present a danger to other drivers upon Pennsylvania and interstate highways.

39. Upon information and belief, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., failed to properly maintain the tractor trailer that was driven by Defendant Kornilenko on December 2, 2016.

40. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff and the driving public a duty to ensure that its drivers hired to drive commercial vehicles

exhibited traits, habits, characteristics and behaviors which are consistent with care, safety, and competency.

41. Upon information and belief, prior to the date of the accident, Defendant Kornilenko exhibited behaviors which were inconsistent with carefulness, safety, and competency, and Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., were aware, and/or reasonably should have been aware, of these behaviors.

42. Upon information and belief, prior to December 2, 2016, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., were aware, or should have been aware, of Defendant Kornilenko's carelessness, incompetency, and other traits and behaviors inconsistent with safe driving, yet it continued to entrust its business of transporting cargo to Defendant Kornilenko.

43. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff and the driving public a duty to ensure that its commercial motor vehicle drivers hired to transport cargo upon Pennsylvania and interstate highways were adequately trained and supervised, in accordance with federal motor vehicle carrier safety policies and procedures, as well as the motor vehicle laws and regulations of the Commonwealth of Pennsylvania.

44. Upon information and belief, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., failed to adequately train and supervise its commercial motor vehicle drivers, specifically Defendant Kornilenko, as to the requirements of 75 Pa. C.S. §3112(a)(3) and the Federal Motor Carrier Safety Regulations, Sections 391.21, 391.11, 391.23, 390.3, 382.301, 382.305, Part 395 and 391.31.

45. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., was negligent in the following particulars:

    a. Hiring Defendant Kornilenko to drive one of its commercial tractor-trailers when it knew, or reasonably should have known, that he was not capable of being an alert, safe, careful and competent commercial vehicle operator;

    b. Retaining Defendant Kornilenko as one of its commercial tractor-trailer drivers when it knew, or reasonably should have known, that he was not an alert, safe,

   careful and competent commercial vehicle operator;

c. Failing to properly supervise and monitor Defendant Kornilenko to ensure that he is an alert, safe, careful and competent commercial vehicle operator in compliance with federal regulations, as well as the motor vehicle laws and regulations of the Commonwealth of Pennsylvania;

d. Failing to properly train Defendant Kornilenko as to the laws, regulations, and safety policies pertaining to commercial motor vehicle drivers, including the commercial driver's license standards relative to proper visual search methods, space management and hazard perception, as required by 49 C.F.R. § 383.111, as well as the motor vehicle laws and regulations of the Commonwealth of Pennsylvania;

e. Entrusting Defendant Kornilenko with driving a commercial vehicle and transporting cargo, having knowledge of Defendant Kornilenko's carelessness, incompetency, or unsafe driving;

f. Failing to have appropriate safety policies in place with respect to the operation of its tractor-trailers;

g. Upon information and belief, failing to maintain a driver qualification file for Defendant Kornilenko consisting of DOT employment application safety performance inquiries, motor vehicle reports, and road tests;

h. Failing to possess the required knowledge in order to comply with federal regulations regarding commercial driver qualifications to reduce the risk of highway crashes;

i. Failing to implement any comprehensive fleet safety program for its truck drivers, including Defendant Kornilenko, to prevent commercial motor vehicle collisions;

j. Failing to have effective policies, procedures, practices, and programs to comply with applicable federal and state regulations.

46. The injuries and damages set forth herein were caused by and were the direct and proximate result of the reckless, willful, wanton and/or outrageous conduct of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., which consist of the following particulars:

   a. With reckless indifference for the safety of the motoring public and Plaintiff in failing to possess the knowledge required in order to comply with federal safety regulations regarding commercial driver qualifications to reduce the risk of highway crashes;

   b. With reckless indifference for the safety of the motoring public and Plaintiff in failing to have appropriate and effective safety policies, procedures, practices, and programs with respect to the operation of its tractor-trailers;

   c. With reckless indifference for the safety of the motoring public and Plaintiff in failing to supervise and monitor Defendant Kornilenko to ensure his safe operation of its commercial tractor-trailer, as required by applicable federal and state regulations;

   d. With reckless indifference for the safety of the motoring public and Plaintiff in failing to train Defendant Kornilenko as to the laws, regulations, and safety policies pertaining to commercial motor vehicle drivers;

   e. Willfully entrusting Defendant Kornilenko with driving a commercial tractor-trailer and transporting cargo, having knowledge of Defendant Kornilenko's carelessness, incompetency or unsafe driving;

   f. Willfully instructing Defendant Hershey, an untrained employee, to operate a commercial tractor-trailer upon Pennsylvania and interstate highways, when it knew, or reasonably should have known, that he was not capable of being an alert, safe, careful and competent commercial vehicle operator;

   g. With reckless indifference for the safety of the motoring public, failing to implement disciplinary and/or corrective actions to prevent recurrence of such commercial motor vehicle crashes in the future;

   h. With reckless indifference for the safety of the motoring public and Plaintiff by

      ignoring important safety rules, policies, procedures, practices and programs necessary to comply with applicable federal and state safety regulations; and

  i. Exhibiting a total lack of safety training and safety initiatives for its commercial motor vehicle drivers, demonstrating an outrageous and reckless disregard for the safety of the motoring public and Plaintiff.

  47. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., owed Plaintiff a duty to use reasonable care to ensure that all of the commercial tractor-trailer drivers it hired to transport cargo were careful, safe and competent drivers.

  48. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., hired Defendant Kornilenko to operate a tractor-trailer to transport cargo.

  49. Defendant Kornilenko exhibited conduct which caused, or reasonably should have caused, Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., to foresee that Defendant Kornilenko was not a competent or safe vehicle operator.

  50. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., was negligent in its entrustment of its vehicle to Defendant Kornilenko, when it knew, or reasonably should have known, that he was not capable of being an alert, safe, careful and competent commercial vehicle operator.

  51. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., was negligent in its custody and control of its vehicle, in violation of the Federal Motor Carrier Safety Regulations, Sections 393.25, 393.26 and 393.11, which constitute negligence *per se*.

  52. Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., knew, or had reason to know, that its conduct in failing to properly train, monitor and supervise its tractor trailer drivers created a risk of physical harm to other drivers on Pennsylvania roadways, yet proceeded to act in disregard and indifference to that risk, and to the safety and welfare of Plaintiff.

  53. As a direct and proximate result of the negligence and other liability-producing conduct of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., as set forth in Count II of Plaintiff's Complaint, the tractor trailer operated by Defendant Kornilenko made an

illegal passing and/or lane change and caused the crash, severely injuring Plaintiff.

54. As a direct and proximate result of the negligence and other liability-producing conduct of Defendants, S&T Transport Inc. and Die Heimat Transportation Inc., Plaintiff has sustained severe and permanent injuries.

55. As a direct and proximate result of the negligence and other liability-producing conduct of Defendant, S&T Transport Inc. and Die Heimat Transportation Inc., Plaintiff has suffered severe pain and suffering, humiliation, mental anguish, loss of enjoyment of life's pleasures and will continue to suffer such losses in the future, for all of which damages are claimed.

WHEREFORE, Plaintiff, Ahmed I. Elmi, claims compensatory damages and punitive damages against the Defendants in an amount in excess of $75,000, plus interest and costs as allowed by law.

Respectfully Submitted,

Date: <u>October 2, 2017</u>        By:    _____
Andrew R. Rehmeyer, Esquire
*Attorney for Plaintiff,*
*Ahmed I. Elmi*
Rehmeyer & Allatt
1317 North Atherton Street
State College, PA 16803
Tel: (814)-343-9855
Fax: (855)-828-4577
arehmeyer@arjalaw.com
Attorney No.: 206731