IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AHMED I. ELMI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 3:17-CV-177 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| MAKSYM KORNILENKO, | ) | |
| S&T TRANSPORT INC., and | ) | |
| DIE HEIMAT TRANSPORTATION INC. | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

I.  Introduction

Pending before this Court is the Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Allegations of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(f) filed by Defendants. (*See* ECF No. 9.) Defendants' Motion has been fully briefed (*see* ECF Nos. 10, 12) and is ripe for disposition.

This case arises from an alleged vehicular collision on Interstate 80 between a tractor trailer truck in which Defendant Maksym Kornilenko ("Kornilenko") was a passenger and a tractor trailer truck driven by Plaintiff Ahmed I. Elmi ("Elmi"). In the instant Motion, Defendants ask this Court to dismiss Elmi's claims for punitive damages and to strike the allegations of "reckless, willful[,] wanton, and/or outrageous conduct" from paragraphs 28, 29, and 46 of the Complaint. (*See* ECF No. 10 at 2-3.)

For the reasons that follow, this Court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion. Specifically, Elmi's claims for punitive damages are dismissed. Otherwise, Defendants' Motion is denied.

## II. Jurisdiction

According to the allegations of the Complaint, Elmi is a citizen of Ohio and all Defendants are citizens of Illinois. (*See* ECF No. 1 ¶¶ 1-5.) The Complaint also alleges damages in an amount in excess of $75,000. (*See id.* at 6, 12.) Thus, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332(a)(1) because the Complaint alleges complete diversity between Plaintiff and all Defendants and alleges that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

Venue is proper under 28 U.S.C. §1391(b)(2) because a substantial portion of the alleged events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. *See* 28 U.S.C. § 1391(b)(2).

## III. Relevant Procedural History

Elmi initiated the present lawsuit against Kornilenko and Kornilenko's employers, S&T Transport Inc. and Die Heimat Transportation Inc., by filing his Complaint with this Court on October 2, 2017. (ECF No. 1.) Elmi's Complaint is organized into two counts: (1) a claim for negligence against all Defendants in Count I and (2) a claim for various negligence-related causes of action against S&T Transport Inc. and Die Heimat Transportation Inc. in Count II. (*See generally id.*) Elmi requests compensatory damages, punitive damages, interests, and costs for both counts. (*Id.* at 6, 12.)

On December 8, 2017, Defendants filed the instant Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Allegations of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(f) and their accompanying Brief in Support thereof. (ECF Nos. 9, 10.) Elmi filed his Response in Opposition on December 27, 2017. (ECF No. 12.)

## IV.     Factual Allegations Set Forth in the Complaint

The following facts, which the Court accepts as true for the purposes of deciding Defendants' Motion, are alleged in the Complaint. (ECF No. 1.)

On December 2, 2016, Elmi was a passenger in a 2006 blue freightliner tractor trailer in the eastbound right lane of Interstate 80 at mile marker 103.2 in Union Township, Clearfield County, Pennsylvania. (*Id.* ¶ 12.) At this same time and place, Kornilneko was operating a 2006 red Volvo tractor trailer in the eastbound right lane. (*Id.* ¶ 13.)

At approximately 2:30 p.m. on this clear Friday afternoon, Kornilenko "approached the 2006 blue freightliner tractor trailer at highway speed and attempted to pass the blue 2006 freightliner tractor trailer with reckless indifference and crashed into the rear driver side of the blue 2006 freightliner trailer that Plaintiff was occupying." (*Id.* ¶¶ 12, 14.) In attempting to pass this blue 2006 freightliner trailer, Kornilenko allegedly did not comply with the applicable state and federal safety regulations because he failed to practice proper visual search, space management, and hazard perception methods, as set forth in the commercial driver's license manual and the Federal Motor Carrier Safety Regulations. (*Id.* ¶¶ 15, 16.) Elmi suffered "serious bodily injuries and damages" as a result. (*Id.* ¶ 14.)

Throughout these alleged events, Kornilenko was an authorized driver for S&T Transport Inc. and Die Heimat Transportation Inc. (*Id.* ¶ 15.)

## V. Discussion

### A. Defendants' Partial Motion to Dismiss

#### 1. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But, detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[2] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly

---

[2] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010)).

-4-

give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### 2. The Court Will Dismiss Elmi's Claims for Punitive Damages Because the Complaint Fails to Allege Sufficiently Outrageous Conduct

In their instant Motion and accompanying Brief in Support, Defendants contend that the claims for punitive damages contained in Elmi's Complaint are conclusory in nature and, thus, should be dismissed. (ECF No. 10 at 8-9.) Defendants suggest that "Plaintiff only alleged that he was involved in an accident with a vehicle owned and maintained by Defendant Heimat and driven by Defendant Kornilenko, without explaining as to how the Defendants' conduct was outrageous, extreme, willful, wanton, and reckless." (*Id* at 9). In short, Defendants argue that Elmi has not alleged sufficient facts to state a claim for punitive damages. The Court agrees.

"In a diversity action [] the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989). Therefore, as the alleged events underlying Elmi's claims occurred in Pennsylvania and this Court sits in Pennsylvania, the substantive law of the Commonwealth of Pennsylvania governs Elmi's requests for punitive damages. *See id.*

Under Pennsylvania law, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of

others." *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (2005) (citing *Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)). "As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton[,] or reckless conduct." *Id.* (citing *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991)).

"[W]hen assessing the propriety of the imposition of punitive damages, '[t]he state of mind of the actor is vital.'" *Id.* at 770 (quoting *Feld*, 485 A.2d at 748). "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 770; *see also Scott v. Burke*, No. 2:13-CV-278, 2013 WL 4648402, at *3 (W.D. Pa. Aug. 29, 2013).

Here, Elmi's punitive damages claims are based *solely* on Kornilenko's failed attempt to pass another tractor trailer without proper visual search, space management, and hazard perception. (ECF No. 1, at ¶¶ 10-18.) Such basic allegations of negligence do not state a cognizable claim for punitive damages. *See discussion infra*.

Elmi argues that "crashing into a moving vehicle that is directly in front of you while operating a 80,000 lb. tractor trailer at seventy (70) miles per hour is reckless." (ECF No. 12 at 7.) However, Pennsylvania law on punitive damages does not support Plaintiff's conclusion, especially to the extent Elmi suggests that any vehicular accident involving a tractor trailer truck traveling seventy miles per hour warrants punitive damages.[4]

---

[4] The Court observes that the Complaint fails to allege the posted speed limit at the site of the collision.

-6-

For example, in *Smith v. Brown*, 423 A.2d 743 (Pa. Super. Ct. 1980), Shirley Bass Smith ("Smith") filed a lawsuit on behalf of her daughter for injuries suffered as a result of a car accident. *Id.* at 744-45. Smith alleged that the defendant was driving too fast for conditions, failed to have her car under proper and adequate control, failed to have due regard for the point and position of the appellant, violated traffic laws, and failed to exercise due care under the circumstances. *Id.* at 745. On appeal, the Pennsylvania Superior Court held that the alleged conduct was not sufficiently outrageous to support a punitive damages claim. *Id.* at 746. Likewise, in the instant case, Elmi's Complaint features allegations of similar severity to those made by Smith, and, as in *Smith*, those allegations are insufficient to state a claims for punitive damages.

Similarly, in *Keifer v. Reinhart Foodservice, LLC*, Civil Action No. 09-1558, 2013 WL 2558004 (W.D. Pa. June 11, 2013) (Conti, C.J.), this Court dismissed a claim for punitive damages when the allegations of the complaint did not rise to the level of outrageous conduct. *Id.* at *24. The plaintiffs in *Keifer* alleged that the defendant, a truck driver, was pulling two fully loaded double tractor trailers and had a radar detector in his truck when he rear-ended an illuminated tractor trailer at the maximum legal speed limit. *Id.* at *20. This Court held that there were insufficient facts from which a jury could find that the defendant had a "subjective appreciation of the risk of harm caused by his actions and that he acted in conscious disregard of that risk." *Id.* at 24. Likewise, in the present case, the Complaint fails to allege facts to establish that Defendants "had a subjective appreciation of the risk of harm to which [Elmi] was exposed and that [Defendants] acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, 870 A.2d at 770; *Scott*, 2013 WL 4648402, at *3. Even when the veracity of Elmi's allegations are presumed

and all reasonable inferences are made in his favor, *see Iqbal*, 556 U.S. at 679; *Connelly*, 809 F.3d at 786, Elmi's allegations amount to nothing more than negligence.

Unsurprisingly, many Pennsylvania and federal cases permit punitive damages to be awarded in cases involving vehicular collisions. However, these cases are easily distinguishable from the facts alleged in Elmi's Complaint. For example, in *Dillow v. Myers*, 916 A.2d 698 (Pa. Super. Ct. 2007), a truck driver loaded his truck unevenly, exceeded the speed limit, drove with limited visibility due to an obscured side mirror, and, then, proceeded to change lanes. *Id.* at 702. The Pennsylvania Superior Court held that these allegations were sufficient to show the outrageous conduct necessary to support a claim for punitive damages. *Id.* However, unlike the plaintiff in *Dillow*, Elmi has not alleged that Defendants' tractor trailer was overloaded or suffered from any defects. Nor does Elmi even allege that Kornilenko was driving at an unlawful speed.

This Court's decision in *Darden-Munsell v. Dutch Maid Logistics*, C.A. No. 10-13, 2011 WL 3325863 (W.D. Pa. July 13, 2011), is another readily distinguishable case that allowed claims for punitive damages to proceed beyond the pleading stage. In *Darden*, the defendant truck driver caused a collision that killed the plaintiff's husband. *Id.* at *1. The plaintiff sued both the truck driver and his employer. *Id.* Her complaint alleged that the truck driver improperly operated an overloaded tractor trailer while (1) in a state of great fatigue, (2) intoxicated, (3) on the phone, and (4) driving in dangerous weather conditions. *Id.* at *3. Moreover, the plaintiff in *Darden* alleged that the employer failed to properly train its employee, permitted him to drive despite inadequate training, and permitted him to continue driving despite knowing the driver was driving in excess of the applicable hours of service. *Id.*

The allegations in *Darden*, unlike the present case, go far beyond mere negligence. Here, Elmi's Complaint does not allege defects in the Defendants' truck, dangerous weather conditions, intoxication, the use of a phone, fatigue, or any other aggravating circumstances. Unlike in *Darden*, the allegations of Elmi's Complaint fail to rise above mere negligence and cannot support his claims for punitive damages.

Other federal district courts within the Third Circuit have also considered the degree of culpability required to permit an award of punitive damages. *See, e.g., Sabo v. Suarez*, Civil Action No. 3:CV-08-1189, 2009 WL 2365969, *2-3 (M.D. Pa., July 31, 2009) (holding that a truck driver could be subject to punitive damages for ignoring various road signs in an area he was unfamiliar with and driving through an intersection with limited visibility due to wet and foggy conditions); *Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 655 (M.D. Pa. 2009) (holding that a jury could find that an experienced and trained truck driver acted outrageously when he drove around a curve at fifty-five miles per hour where the speed limit was thirty-five mile per hour); *Logue v. Logano Trucking Co.*, 921 F. Supp. 1425, 1428 (E.D. Pa. 1996) (holding that the plaintiff had sufficiently alleged that the defendant, a truck driver who had worked more hours than permitted by law and operated an overloaded tractor trailer with improperly adjusted brakes at an excessive and unreasonable speed such that he could not stop for a red light).

The common theme in all of these cases is that Pennsylvania law requires "something more" than negligence. The inclusion of simple allegations that a truck driver did not comply with the law or violated regulations does not, by itself, satisfy the requirements of Pennsylvania law for awarding punitive damages. Elmi's Complaint, alleging nothing more than a failure to

safely pass another tractor trailer, lacks the "something more" necessary to state a claim for punitive damages.

Additionally, the Court rejects the overly broad nature of Elmi's position on the appropriateness of punitive damages in this case. If this Court accepted Elmi's argument, all truck drivers who attempt to pass other vehicles at seventy miles per hour and collide with another vehicle on the highway will automatically be subject to punitive damages. Such a *per se* rule clearly contradicts the approach to punitive damages articulated by Pennsylvania courts and runs counter to the underlying policies behind punitive damages of punishing and deterring outrageous and ill-intended behavior. *See supra.*

Even though Elmi's Complaint includes conclusory allegations that label Kornilenko's conduct as reckless, Elmi's non-conclusory, plausible allegations allege *only* that Kornilenko was negligent in his attempt to pass another tractor trailer. *Iqbal*, 556 U.S. at 679 (stating that mere conclusions are "not entitled to the assumption of truth."); *Burtch*, 662 F.3d at 224 ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."). Accordingly, this Court concludes that the Complaint has not alleged sufficient facts to plead punitive damages claims that are plausible on their face. *See Iqbal*, 556 U.S. at 679; *Connelly*, 809 F.3d at 786.

Furthermore, beyond Elmi's claims against Kornilenko, the claims for punitive damages against S&T Transport Inc. and Die Heimat Transportation Inc. are likewise improper. Because the Complaint's allegations are "insufficient to allow an award of punitive damages against [Kornilenko], it follows that no punitive damages can be awarded vicariously against [his employer]." *Burke v. Maassen*, 904 F.2d 178, 184 (3d Cir. 1990); *see also Keifer*, 2013 WL 2558004, at

*24 (holding that the company could not be vicariously subjected to punitive damages since its truck driver's conduct was not outrageous).

Therefore, this Court grants Defendants' request to dismiss all of Elmi's claims for punitive damages against all Defendants.

### B. The Court Will Deny Defendants' Motion to Strike

Under Federal Rule of Civil Procedure 12(f), courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Berezansky v. CBN Bank*, Case No. 3:17-cv-105, 2018 WL 461245, at *2 (W.D. Pa. Jan. 17, 2018) (Gibson, J.) (citing *Nelson v. Bender*, No. 3:15-64, 2015 WL 8207490, at *4 (W.D. Pa. Dec. 7, 2015)). The purpose of a motion to strike "is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hay v. Somerset Area Sch. Dist.*, No. 3:16-CV-229, 2017 WL 2829700, at *3 (W.D. Pa. June 29, 2017) (Gibson, J.) (quoting *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443 (W.D. Pa. 2010)); *see also Brugh v. Mount Aloysius College*, Case No. 3:17-cv-71, 2017 WL 5634984, at *9 (W.D. Pa. Nov. 21, 2017) (Gibson, J.).

Motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Hay*, 2017 WL 2829700, at *3 (quoting *Tennis*, 730 F. Supp. 2d at 443) (internal citations omitted); *see Bender*, 2015 WL 8207490, at *9 ("The standard for striking under Rule 12(f) is strict and only allegations that are so unrelated to plaintiff's claims as to be unworthy of any consideration should be stricken. Striking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice.") (quoting *Johnson v. Anhorn*, 334 F. Supp. 2d 802, 809 (E.D. Pa. 2004)) (internal quotations and citations omitted).

Defendants' Motion to Strike is based on language contained in paragraphs 28, 29, and 46 of Elmi's Complaint. (*See* ECF No. 10 at 11). Specifically, Defendants ask this Court to strike references to "reckless, willful, wanton[,] and outrageous" conduct by Defendants from the Complaint. (*Id.*) In support of its request to strike these allegations from Elmi's Complaint, Defendants assert that these aforementioned terms are pertinent only to Elmi's claims for punitive damages and that these terms are "impertinent and scandalous." (*Id.*)

However, this Court disagrees with both Defendants' articulation and application of the appropriate standard for deciding a motion to strike. *See supra*. Consequently, the Court finds that Defendants are not entitled to the "drastic remedy" of striking the aforementioned content from the Complaint. *See Bender*, 2015 WL 8207490, at *9.

As discussed *supra*, the Court agrees with Defendants that Elmi has failed to state a claim upon which relief can be granted in regard to punitive damages. The Court also agrees with Defendants that the references in the Complaint to "reckless, willful, wanton[,] and outrageous" conduct by Defendants are likely focused primarily on the now-dismissed claims for punitive damages. However, the Court does not agree that these highlighted terms are *only* material to Elmi's claims for punitive damages or that these terms are otherwise scandalous, impertinent, confusing, or prejudicial to Defendants.

While the challenged references to "reckless, willful, wanton[,] and outrageous" conduct by Defendants may not feature the particularity or degree of materiality that Defendants desire, the Federal Rules of Civil Procedure do not require detailed or perfect pleadings, *see Connelly*, 809 F.3d at 786, nor do the Federal Rules permit paragraphs 28, 29, and 46 to be stricken. *See Rowles v. GGNSC Altoona Hillview LP*, Case No. 3:17-cv-22, 2018 WL 559160, at *6 (W.D. Pa. Jan. 24, 2018)

(Gibson, J.). The precise terminology used in paragraphs 28, 29, and 46 may very well have been included in the Complaint in an effort to support Elmi's claims for punitive damages, but that does not preclude these allegations from also bearing at least some materiality to Elmi's non-punitive negligence claims.

Defendants have failed to identify any prejudice caused by the presence of these allegations in the Complaint, any confusion of the issues in the case caused by these allegations, or that these allegations are "scandalous." Fed. R. Civ. P. 12(f). Furthermore, as the punitive damages claims have been dismissed, this Court fails to see how the inclusion of these references to "reckless, willful, wanton[,] and outrageous" conduct in the Complaint would hinder the prompt progression of this litigation or cause "unnecessary forays into immaterial matters." *Rowles*, 2018 WL 559160, at *6; *Hay*, 2017 WL 2829700, at *3 (quoting *Tennis v. Ford Motor Co.*, 730 F. Supp. 2d 437, 443.

Defendants may certainly challenge whether Elmi can produce evidence to support these allegations and dispute the weight and credibility of these allegations at the summary judgment and trial stage. *Rowles*, 2018 WL 559160, at *6. However, as stated *supra*, motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" *Id.* (quoting *Hay*, 2017 WL 2829700, at *3). Here, Defendants suffer no unfair prejudice from the allegations contained in paragraphs in question, the allegations sufficiently relate to the Elmi's negligence-based claims, and the allegations do not confuse the issues. *See id.*; *Hay*, 2017 WL 2829700, at *3 (quoting *Tennis*, 730 F. Supp. 2d at 443). Thus, the Court will not take

the "drastic" action of striking the challenged terms in paragraphs 28, 29, and 46 from the Complaint. *Bender*, 2015 WL 8207490, at *9 (quoting *Johnson*, 334 F. Supp. 2d at 809).

## VI. CONCLUSION

For the reasons set forth above, Defendants' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Allegations of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**.

In sum, Elmi's claims for punitive damages are dismissed because the Complaint failed to alleged anything more than negligence. However, the Court will not strike the language contained in paragraphs 28, 29, and 46 of the Complaint because this language is not "redundant, immaterial, impertinent, or scandalous matter" under the standard provided by Federal Rule Civil Procedure 12(f) and pertinent case law.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AHMED I. ELMI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-CV-177 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| MAKSYM KORNILENKO, | ) | |
| S&T TRANSPORT INC., and | ) | |
| DIE HEIMAT TRANSPORTATION INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW, this 2nd day of March 2018, upon consideration of Defendants' Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Allegations of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(f) (ECF No. 9), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 9) is **GRANTED IN PART** and **DENIED IN PART**.

Defendants' Motion is **GRANTED** to the extent that Plaintiff's claims for punitive damages are **DISMISSED**.

Defendants' Motion is **DENIED** in all other regards.

BY THE COURT

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE